UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
UNITED STATES OF AMERICA                )
                                        )
        v.                              )        Criminal No. 07-0155 (PLF)
                                        )
KEVIN HONESTY,                          )
                                        )
        Defendant.                      )
                                        )
_____)


MEMORANDUM OPINION AND ORDER

        This matter is before the Court on defendant's motion for clarification.  On

September 11, 2007, the defendant pled guilty to one count of armed bank robbery (in violation

of 18 U.S.C. § 2113(a) and (d)) and one count of possession of a firearm during a crime of

violence (in violation of D.C. Code § 22-4505(b)).  On September 27, 2007, the Court sentenced

him to 105 months imprisonment on Count One and 60 months on Count Two, followed by a

five year period of supervised release.  He was ordered to pay restitution in the amount of

$11,956.  The Court provided that:

> During the defendant's period of incarceration, he shall make
> payments through the U.S. Bureau of Prisons' Inmate Financial
> Responsibility Program.  The balance of any amount not
> immediately paid, shall be paid during the time of supervised
> release at a rate of no less than $50.00 per month.  Restitution
> payments shall be made to the Clerk of the Court for the U.S.
> District Court, District of Columbia, for disbursement to the
> victim.

See Judgment at 4, Dkt. No. 25 (Sept. 28, 2007). The defendant currently is incarcerated in Bureau of Prisons facility in Butner, North Carolina.[1]

The defendant states that he "is unable to properly sign the contract/agreement for participation in the Inmate Financial Responsibility Program (IFRP) restitution payment schedule until this Court informs this defendant that the Bureau of Prisons (BOP) has the authority to set a schedule of restitution payments while defendant is in prison, and if he fails to agree voluntarily, the BOP can place defendant in 'IFRP Refuse' status." See Motion for Clarification at 1. Defendant has also filed a notification of economic status in which he states that he has been placed on IFRP Refusal Status because he cannot afford the monthly payments.[2]

As an initial matter, the relief that defendant seeks is somewhat unclear. By way of his request for clarification of the BOP's authority regarding the Inmate Financial Responsibility Program, defendant appears to suggest that the BOP does not have the authority over the IFRP that it has asserted. The government interprets defendant's motion as a request that the Court vacate or modify the restitution portion of the sentence. In his notification of economic status, the defendant goes further than in his original motion and requests that the Court order that his restitution payments be made through the Clerk of the Court and not through the IFRP.

---

[1] Defendant previously was incarcerated in the Federal Correctional Institution-Medium in Yazoo City, Mississippi. In the most recent filing, however, he states that he is at the Federal Correctional Institution in Butner, North Carolina.

[2] This filing, which is not styled as a motion, is captioned on the docket as a motion to amend or correct the judgment.

To the extent that the defendant is requesting a clarification of his obligations under the IFRP, it is settled that the promulgation of the IFRP is within the BOP's delegated authority to provide for the rehabilitation and reformation of federal inmates. See Neal v. Watts, Civil Action No. 07-0915, 2008 U.S. Dist. LEXIS 20163 at *1-2 (D.D.C. Mar. 17, 2008) (describing IFRP and collecting cases). The IFRP is a means for a sentenced inmate to meet his financial obligations, including his obligation to pay restitution, while in prison using wages earned from prison employment. See 28 C.F.R. §§ 545.10, 545.11. BOP staff determine the amount of an inmate's payments and monitor his progress. See 28 C.F.R. § 545.11(a), (b). Although BOP merely encourages an inmate's participation in the program, see 28 C.F.R. § 545.10, an inmate who refuses to participate ordinarily loses certain privileges. See 28 C.F.R. § 545.11(d).

The Court does not interpret defendant's motion as a request to modify or vacate the restitution portion of his sentence, but, rather, as a request to change the method by which he makes his restitution payments while incarcerated. To the extent that the defendant does request that the required restitution be modified or vacated, however, the Court will deny this motion for the reasons stated in the government's opposition. See Opposition to Motion for Clarification at 4-7. To the extent that defendant is challenging his enrollment in the IFRP by BOP, this claim appropriately is one he should resolve with prison officials or bring as a petition for a writ of *habeas corpus* in the district in which he is incarcerated pursuant to 28 U.S.C. § 2241. See Stern v. Fed. Bureau of Prisons, 601 F. Supp. 2d 303, 305 (D.D.C. 2009) (collecting cases). Inasmuch as the matter does not relate to the sentence this Court imposed but, rather, the manner in which it is implemented by the Bureau of Prisons, this Court does not have personal jurisdiction over

this defendant's *habeas* claim. See id. at 306 (citing Chatman-Bey v. Thornburgh, 864 F.2d 804, 809 (D.C. Cir. 1988)). The defendant must pursue the claim in the district in which he is incarcerated. See id.

For the reasons stated above, it is hereby

ORDERED that defendant's motion for clarification [29] is denied; and it is

FURTHER ORDERED that defendant's motion to amend or correct the judgment [38] is denied.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: January 29, 2010